## H. C. Gibson, et al., v. Charlotte M. Kimmit.

### Gen. No. 4,305.

1. HUSBAND AND WIFE — *how transactions between, scrutinized.*
Transactions between husband and wife which bear the badges of
fraudulent purposes, are strictly scrutinized.

2. MARRIED WOMEN—*property rights of.*  A married woman may
own and control her own separate property the same as a *feme sole,* and
for this purpose she may make all contracts in relation thereto or may
avail herself of the services of her husband as an agent and manager
of her business without subjecting her property or the profits arising
from his management of the business to the payment of his debts.

Proceeding commenced before justice of the peace.  Appeal from the
Circuit Court of Peoria County; the Hon. THEODORE N. GREEN, Judge,
presiding.  Heard in this court at the October term, 1903.  Affirmed.
Opinion filed April 14, 1904.

E. J. ABERSOL, for appellants.

J. F. O'BRIEN, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court
of Peoria county, finding appellee to be the owner of 200
yards of awning cloth which had been levied on by ap-
pellant, a constable, by virtue of an execution issued on a
judgment against Frank M. Kimmit, the husband of ap-
pellee, Mrs. Charlotte M. Kimmit.  Frank M. Kimmit was
engaged in the tent and awning business prior to 1893.
He executed a chattel mortgage on his stock and ma-
chinery to Mrs. Annie K. Rheinhardt, who foreclosed the
chattel mortgage and bought in the property at the sale.
Mrs. Rheinhardt carried on the business for a year and a
half or two years, when she sold the entire stock and tools
to Mrs. C. M. Kimmit for $390 and took her personal note
for the purchase money; Mrs. Kimmit thereafter carried
on the business under the name of the " X. L. Awning and
Tent Co."  Her husband was an experienced tent and awn-
ing maker and appellee placed him in charge of the busi-

ness as her agent and manager. In 1900, appellee executed
a chattel mortgage to Mrs. Rheinhardt, for $600, which was
the balance of principal and interest due on the $390 note
given for the purchase money. In 1902, this mortgage was
cancelled and another given by Mrs. Kimmit to Mrs.
Rheinhardt due two years from date. The proceeds of the
business, after paying expenses and for new stock, were
applied partly to the payment of Mrs. Kimmit's debt to
Mrs. Rheinhardt and part was used to pay for a home which
had been bought and put in appellee's name. Appellant
offered no evidence below and asked no instructions of the
court. He appeals to this court and insists that the 200
yards of awning cloth levied on are subject to the execution
against appellee's husband. The judgment against Frank
M. Kimmit on which the execution issued, was for $18.36
and was rendered on July 19, 1902.

There is no evidence in this record tending to show that
Frank M. Kimmit was indebted to any one at the time ap-
pellee assumed control of the business in pursuance of her
purchase from Mrs. Rheinhardt of the mortgage made by
Frank M. Kimmit and its foreclosure, and if the resale to
appellee was a mere shift for the purpose of covering up
her husband's property so as to hinder and delay his cred-
itors, clearly the stock itself as well as the accruing profits
would be subject to the husband's debts. The relation of
husband and wife affords many opportunities for fraudulent
shifts and devices, intended to place the property of the
husband beyond the reach of his creditors, hence all
transactions between husband and wife which bear the
badges of a fraudulent purpose should be strictly scruti-
nized; but while this is true, since the enactment of the law
of 1874 in relation to husband and wife (R. S., ch. 68) a
married woman may own and control her own separate
property the same as a *feme sole*, and for this purpose she
may make all contracts in relation thereto and may avail
herself of the services of her husband, as agent and man-
ager of her business, without subjecting her property or
the profits arising from his management to the payment of

his debts. Lachman, et al., v. Martin, 139 Ill. 450; Harrison v. Nelson, 96 App. 395; Mali v. Spencer, 186 Ill. 303.

The case at bar falls within the rule laid down in above cases and is controlled by these authorities. The judgment is therefore affirmed.

*Affirmed.*